BELL v. UTLEY.

## George S. Bell v. Andrew J. Utley and Thomas D. Hance.

*Contract: New Consideration: Evidence.* Defendants sold plaintiff all their logs in the custody of a boom company, "supposed to be one million feet," for $5,000, payable partly on time and partly in specified lands, and the consideration was received as agreed. Several days thereafter plaintiff obtained of them without any new understanding or consideration, a paper in the form of a receipted bill of parcels for one million feet at $5 per thousand for logs in possession of the boom company, having thereunder a receipt for $5,000 in full payment of the logs, guaranteeing title, and directing the boom company to deliver them up, and sued on this paper for an alleged deficiency in the quantity of logs: *Held,*

1. That evidence was properly received to show that the last paper was given without any new consideration or agreement, and merely intended to aid plaintiff in obtaining the logs.

2. That the title to the logs having become vested by the first sale, the second paper could have no force as an agreement, without some new consideration; but in the absence of that must be regarded as nothing further than a means of carrying the real contract into effect, and must, therefore, be construed with it, and could create no cause of action.

*Heard January 6th. Decided January 11th.*

Error to Gratiot Circuit.

This was an action of assumpsit, to recover damages for the breach of an alleged contract for the purchase of certain logs.

Judgment was rendered for defendants.

*Foote & Grant,* for plaintiff in error.

*Strickland & Stout,* for defendants in error.

CAMPBELL J.

Suit was brought by Bell against the defendants for the breach of an alleged agreement of the following tenor:

"ALMA, GRATIOT Co. MICH. May 12, 1865.

George S. Bell, to Utley & Hance, *Dr.*

To one million feet of pine saw logs, marked diamond shape, said logs now being in the possession of the Tittabawassee Boom Company, of Saginaw City, at $5 per M, $5,000.

BELL *v.* UTLEY.

Received of George S. Bell, $5,000, in full payment of the above logs, and we hereby guarantee our title to said logs, to be perfect, and hereby agree to warrant and defend the title of said George S. Bell to said logs, against all persons whatsoever claiming or to claim the same. We also hereby order and direct the said Tittabawassee Boom Company to deliver said logs into the possession of said George S. Bell, on presentation of this order.

| U. S. Revenue<br>Stamp,<br>Five Cents. | Attest: D. W. C. CHAPIN. | UTLEY & HANCE." |

Upon the trial, he gave evidence of the execution of the paper, and that the lumber in possession of the Boom Company amounted only to 739,575 feet, and rested.

The defendants then gave in evidence a prior agreement, dated May 5th, 1865, whereby they bargained and sold o Bell, their pine logs in the hands of said Boom Company, "*supposed to be one million feet*," for the sum of $5.000, payable partly in land and partly in money on time, the bargain to be void if the land was not satisfactory as represented.

One of the defendants was then asked as a witness, what was intended by the order of May 12th, in respect to the lands sold, and answered under objection, that it was intended to aid plaintiff in getting the logs out of the boom, in case there should be any difficulty. That he paid nothing more than was stipulated by the preceding agreement; that the logs were not sold at $5 a thousand, and that he told plaintiff how many logs he supposed they had, and showed him the scale on their book, and that the scale was correct, and he told Judge Chapin to write an order, and supposed he wrote the paper of May 12th. Utley also testified that no new agreement was made or talked of, and that he considered the bargain finished when the lands were found satisfactory, and the deed was made on May 9th. Bell in reply, testified that the talk was about $5 per thousand, and that defendants said they thought their scale was correct, and would hold out.

The court being requested to charge that the papers of May 5th and May 12th must be construed together, and in case of conflict the last must govern, and that the words "*supposed to be one million feet*," must be construed as equivalent to a statement that there was such an amount, declined so to charge; but did charge the jury that if both papers related to the same transaction, and the first was in force, not abandoned or rescinded, the property intended to be sold by defendants, and purchased by plaintiff, was fixed thereby, and the subsequent paper must be construed as referring to the same logs, and could not have the effect to enlarge the subject of sale and purchase.

The court being further asked to charge that, if the jury believed the paper of May 12th, expresses the intent of the parties at that date, it should govern, declined so to charge, but did charge that it was the duty of the court to construe that paper, and to determine the intent of the parties from all the instruments in writing made by them, and that there was no evidence of any new terms negotiated between the parties.

We think the action of the court below was correct throughout. The first agreement transferred title to all the logs, subject only to the contingency of dissatisfaction with the lands given in exchange, which were accepted prior to May 12th.

To rescind this bargain, and to substitute new terms, would require proof of some positive agreement upon a valid legal consideration. No new consideration passed, and it was certainly competent to show this, and that the new paper was not the result of any new agreement. Had it appeared to be an agreement upon consideration, then it might be claimed, with some force, to be beyond contradiction as to its meaning by parol proof; but, until it is established as a valid agreement, it can have no such force. The papers, as conceded on both sides, are to stand together, and if this be so, the later document can in no

sense be considered an agreement, but must be regarded as something given to aid in carrying the real agreement into effect. It could, therefore, be no cause of action in itself, and plaintiff, having made out no case under anything else, could not recover, under any circumstances, in this action. If he had any cause of action whatever, it could only have been in connection with the first contract, which is not asserted or relied upon here.

Judgment was properly given against him, and it should be affirmed, with costs.

The other Justices concurred.